Ruffin, C. J.
 

 As our brother Daniel does not sit in this case, the other members of the Court have considered the question, and are of opinion that Mrs. Brown-low’s appointment by the deed to Lockhart, which is attested by two witnesses, is effectual. The deed, containing the power, is obviously drawn by one who was but little versed in the form of such instruments, and who bungled in putting the different parts of this instrument together, probably, from some book of forms. For example, it says the land is to be equally divided between the children of Mrs. B., “ only in default of any
 
 suck
 
 appointment,” though that is the first time that appointment is spoken of in the instrument, it is obvious, that no effect will be allowed to the subsequent provision for an “ appointment by writing, witnessed by two witnesses,” if the execution of the power is to be by will alone. Yet the Court has no authority thus to strike out one provision for the sake of the other ; but it is proper to give effect to the whole, if it can be done, by understanding the two clauses in such a way as to make them consistent. Perhaps that may be done in this case. Thus there is, first, a provision for Mrs. Brownlow’s
 
 children
 
 to take
 
 equally
 
 at her death, in default of her making an appointment in nature of a will; and then, sec
 
 *38
 
 ©ndly, there is a provision for appointing or giving to
 
 any ■person or persons,
 
 in a writing witnessed by two witnesses. Now, children, or a particular child, may often exercise great influence over a mother, and might induce her, at an unguarded moment, voluntaxúly to appoint the land to some one or more of them, and thereby strip herself of her support from the profits of the land, and deprive her of the power of providing for another child, who, before her death, might turn out to be more needy; and it has occurred to us, that possibly the writer, being aware of these things, might have meant that, as to appointments among her children, which he took for gx-antod would be voluntary, this lady should take her whole life for binding herself and concluding her other children, and therefore prescribed a will as the mode of appointing to those persons. But the same reasons did not" apply to a disposition, by sale or otherwise, to any
 
 other
 
 persons besides the children : and, therefore, she was allowed to make such latter appointments by aix act
 
 inter vivos,
 
 provided only it was in writing and attested as prescribed, as protections from fraud and perjury. We do not see how, otherwise, the different parts can stand together; unless it be, that the two sentences are to be treated as one, and read as if allowing an appointment to any person, whether a child or not, either by will or by any other writing, duly attested. Rather than render either provision wholly ineffectual, it would be the duty of the Court thus to blend them, as best effectuating the general intention. But it is sufficient for the present purpose, as Lockhart was not a child but a purchaser for value, to say, that the deed, by a fair construction, authorized such an appointment to be made by deed duly attested, as well as by will.
 

 The decree was therefore erroneous, and ought to be reversed, and the title declared good, and the purchaser required to complete his purchase.
 

 Per Curiam.
 

 Ordered to be certified accordingly.